IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

NATHANIEL TUFF,

                  Plaintiff,

                                     Civil Action No.
                                     9:09-CV-0185 (DNH/DEP)

       vs.

ONEIDA COUNTY and LT. GABRIELLE
LIDDY,

                  Defendants.

_____

APPEARANCES:                OF COUNSEL:

FOR PLAINTIFF:

NATHANIAL TUFF, *pro se*
1663 Steuben Street
Utica, New York  13501

FOR DEFENDANTS:

GORMAN, WASZKIEWICZ LAW FIRM  BARTLE J. GORMAN, ESQ.
1508 Genesee St.
Utica, New York  13502


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

     Plaintiff Nathanial Tuff, a former inmate at the Oneida County Jail

("Oneida"), has commenced this action pursuant to 42 U.S.C. § 1983,

alleging deprivation of his civil rights while incarcerated at the facility, additionally asserting pendent state law claims of negligence and defamation.  In his complaint, plaintiff alleges that while at Oneida he was stripped and placed in administrative segregation on suicide watch, and that while segregated he slipped on a wet cell floor and injured his back, requiring treatment at a nearby hospital.  As relief, plaintiff seeks compensatory damages in the amount of $300,000 as well as a directive from the court that the individual defendant, Lieutenant (now Captain) Gabrielle Liddy, be demoted.

In response to plaintiff's complaint defendants have moved to dismiss or, in the alternative, for summary judgment dismissing the complaint, asserting that all of plaintiff's federal and pendent state law claims are barred by the governing statutes of limitations.  Having reviewed the record now before the court in the light of arguments raised by the defendants, and in view of a prior dismissal by District Judge David N. Hurd of another action brought by the plaintiff involving the same set of circumstances on the basis of the governing statute of limitations, I recommend that defendants' motion be granted.

I.      BACKGROUND[1]

The record now before the court is relatively scant.  From the
available information it appears that in and prior to 2005, plaintiff was a
prisoner housed at the Oneida County Jail, presumably as a pretrial
detainee.[2,3]  *See generally* Plaintiff's Complaint; *see also* Liddy Aff. (Dkt.
No. 8-2) ¶ 7.  According to his complaint, at some point during his
incarceration at Oneida plaintiff was stripped and required to wear a
suicide garment, and he was subsequently placed in administrative
segregation.  Complaint (Dkt. No. 1) § 4.  While there, plaintiff slipped on
a wet cell floor and injured his back, requiring treatment for his injuries at

---

[1]      Because of my recommendation that the court opt to treat defendants'
motion as one for summary judgment, and accordingly to consider the extrinsic
materials submitted in support of their motion, the following recitation is drawn from the
full record now before the court, with all inferences drawn and ambiguities resolved in
favor of the plaintiff.  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

[2]      In his opposition papers, plaintiff asserts that it was not until 2006 that he
was transferred out of the Oneida County Jail.  *See* Plaintiff's Answer to Memorandum
of Law (Dkt. No. 13) ¶ 2.  This potential discrepancy, however, is not material in view
of Tuff's admission that the events upon which his claims are bottomed occurred on
April 5, 2005, and there is no indication in the record of any alleged continuing violation
that would potentially delay accrual of his claim beyond that date.  *See id.* ¶ 5.

[3]      While plaintiff's complaint purports to assert claims under the Eighth
Amendment for violation of his right against cruel and unusual punishment, as a
pretrial detainee plaintiff's confinement conditions are subject to the substantive due
process clause of the Fourteenth Amendment.  *Benjamin v. Fraser*, 343 F.3d 35, 49-
50 (2d Cir. 2003).  This distinction, however, is neither relevant to the statute of
limitations calculus, nor is there any discernable difference in the controlling legal
principles under the Eighth and Fourteenth Amendments.  *See Caiozzo v. Koreman*,
581 F.3d 63, 72 (2d Cir. 2009).

nearby St. Elizabeth's Hospital.  *Id.*

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action on February 17, 2009, along with a series of other suits brought by the plaintiff and his brother, Jared Tuff, at or about the same time.[4]  As defendants, plaintiff's complaint named the Oneida County Jail and Lt. Liddy.  Id.  The complaint alleges three causes of action, identified as follows: 1) "cruel and unusual punishment, violation of Code of Conduct"; 2) "retaliation for her husband[sic] personal injury"; and 3) "violation of Tuff's civil rights–defamation of character."  *Id.*

On March 23, 2009, following routine review of plaintiff's complaint and accompanying *in forma pauperis* ("IFP") application pursuant to 28 U.S.C. §§ 1915(e)(1)(2) and 1915A(b), I issued an order, *inter alia*, granting plaintiff's IFP application and directing that Oneida County be substituted as a defendant in the place of the Oneida County Jail. Dkt. No.

---

[4]      The cases listed on the court's docket as related cases include: *Tuff v. Eckerd Pharmacy,* Civ. Action No. 6:09-CV-0177 (DNH/DEP); *Tuff v. Dwyer,* Civ. Action No. 6:09-CV-0178 (DNH/DEP); *Tuff v. Donalty,* Civ. Action No. 6:09-CV-0179 (DNH/DEP); *Tuff v. Garramone,* Civ. Action No. 6:09-CV-0180 (DNH/DEP); *Tuff v. Hameline,* Civ. Action No. 6:09-CV-0181 (DNH/DEP); *Tuff v. Dwyer,* Civ. Action No. 6:09-CV-0182 (DNH/DEP); *Tuff v. Oneida County District Attorneys Office,* Civ. Action No. 6:09-CV-0184 (DNH/DEP); *Tuff v. Oneida County Jail, et al.,* Civ. Action No. 6:09-CV-0185 (DNH/DEP); *Tuff v. Appler,* Civ. Action No. 6:09-CV-0189 (DNH/DEP); *Tuff v. Salamone,* Civ. Action No. 6:09-CV-0190 (DNH/DEP); *Tuff v. Vanslyke,* Civ. Action No. 6:09-CV-0191 (DNH/DEP); *Tuff v. Kerber,* Civ. Action No. 6:09-CV-0193 (DNH/DEP); and *Tuff v. Rella,* Civ. Action No. 6:09-CV-0194 (DNH/DEP).

4

4.  That order authorized the filing of plaintiff's complaint and the issuance of summonses, to be served by the United States Marshal's Service.  *Id.*

On May 22, 2009, prior to answering plaintiff's complaint, defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment.  Dkt. No. 8.  In their motion, defendants assert that all of plaintiff's claims are barred by the governing statutes of limitations, noting that a similar action based upon the same set of circumstances was previously dismissed by District Judge David N. Hurd, in light of his finding that plaintiff's claims were time-barred.  *See Tuff v. Lt. Liddy,* No. 6:09-CV-0183 (DNH/DEP), Dkt. No. 6 (N.D.N.Y. May 21, 2009).  Plaintiff has since responded in opposition to defendants' motion, noting his belief that the statute of limitations governing his claims is six years, and additionally asserting his "constitutional right to have a fair trial."  Dkt. No. 13.  Defendants' motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

5

III.    DISCUSSION

A.    Summary Judgment Standard

Defendants pre-answer motion is brought seeking either dismissal for failure to state a cause of action, in which case matters outside of the four corners of plaintiff's complaint would not properly be considered by the court,  see *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006), or alternatively, as a motion for summary judgment, in which case the court would have available to it the entire record, including extrinsic materials, for use in deciding the case. *See* Fed. R. Civ. P. 12(d) ("[i]f . . . matters outside the pleading are presented to an not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .)*; see also, Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000). Because the additional materials submitted by the parties shed greater light upon the chronology of relevant events and better enable the court to measure whether the governing statute of limitations has been met, I recommend the motion be considered as for summary judgment seeking dismissal of the entire complaint.[5]

---

[5]    Consideration of matters outside the complaint in resolving a Rule 12(b)(6) motion without explicitly giving notice that the court is converting the Rule 12

Summary judgment motions are governed by Rule 56 of the Federal Rules of Civil Procedure.  Under that provision, the entry of summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004).  A fact is "material", for purposes of this inquiry, if it "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*).  A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at

---

motion to a Rule 56 motion ordinarily is improper.  *Reliance Ins. Co. v. Polyvision Corp.*, 474 F.3d 54, 57 (2d Cir. 2007).  Where, as here, however, the nonmoving party is clearly aware that additional factual matters are being considered and responds with his or her own evidentiary submissions, formal notice of the conversion by the court is not necessarily required.  *Id.*  In this case, plaintiff not only made additional evidentiary submissions, but was made aware by defendants' moving papers that the motion was made under Rules 12(b)(6) and 56.  Defendants' Notice of Motion (Dkt. No. 8) p. 2 and Defendants' Memorandum of Law (Dkt. No. 8-3) p. 3. I, therefore, find that additional court notice to the plaintiff is unnecessary.

2510.

A party moving for summary judgment bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n.4; *Security Ins.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511. Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most

favorable to the nonmoving party.  *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998).  The entry of summary judgment is warranted only in the event of a finding that no reasonable trier of fact could rule in favor of the non-moving party.  *See Building Trades Employers' Educ. Ass'n v. McGowan*, 311 F.3d 501, 507-08 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

B.   Statute of Limitations

The centerpiece of plaintiff's complaint in this action is his claim pursuant to 42 U.S.C. § 1983 that his civil rights were violated by the defendants while incarcerated at Oneida.  In their motion defendants argue that plaintiff's section 1983 claim is untimely.

Consistent with the Supreme Court's pronouncement that in actions brought under 42 U.S.C. § 1983 the applicable limitations period is derived from the general or residual statute of limitations for personal injury actions under the laws of the forum state, *see Owens v. Okure,* 488 U.S. 235, 249-50, 109 S.Ct. 573, 582 (1989), plaintiff's federal claim in this action is governed by the three-year statute of limitations applicable in

New York to personal injury claims of an otherwise unspecified nature.
*See* N.Y.C.P.L.R. § 214(5); *see also Ormiston v. Nelson*, 117 F.3d 69, 71
(2d Cir. 1997) (quoting *Owens*); *Pinaud v. County of Suffolk*, 52 F.3d
1139, 1156 (2d Cir. 1995); *Lugo v. Senkowski*, 114 F. Supp.2d 111, 113
(N.D.N.Y. 2000) (Kahn, J.) (citing *Pinaud* and *Owens*).  For purposes of
gauging the timeliness of his claim, since plaintiff's complaint is both dated
and was filed on February 17, 2009, his section 1983 claim is thus time-
barred unless found to have accrued on or after February 17, 2006.

   In this instance plaintiff has alleged in his amended complaint in
related civil action no. 6:09-CV-183 that the incident involved occurred on
April 5, 2005.  *See* Civil Action No. 6:08-CV-183, Amended Complaint
(Dkt. No. 5) at p. 5 (unnumbered).  In his papers in opposition to
defendants' motion in this action, plaintiff acknowledges that this is the
correct date.  Plaintiff's Answer to Memorandum of Law (Dkt. No. 13) ¶ 5.
Accordingly, plaintiff's section 1983 claims are precluded by the applicable
statute of limitations.[6]

---

   [6]   While defendants have not argued as much, plaintiff's claim in this action
is also potentially barred by virtue of Judge Hurd's decision in Civil Action No. 6:09-CV-
183 (DNH/DEP) finding that claims virtually identical to those currently before the court
are time-barred, under either claim preclusion or issue preclusion, given that the very
issue now presented has been litigated and decided against him.  *Taylor v. Strugell*,
___ U.S. ___, 128 S.Ct. 2161, 2171 (2008).

In addition to his federal civil rights claim, plaintiff's complaint alludes to state common law theories including negligence and defamation of character.  In New York, negligence claims are subject to a three-year statute of limitations.  N.Y.C.P.L.R. § 214(5); *see also, Iacobelli v. County of Monroe*, 32 F.3d 19, 27 (2d Cir. 1994) (citing *Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 432, 599 N.Y.S.2d 515 (1993)). Defamation causes of action are governed by an even more stringent, one-year statute of limitations.  N.Y.C.P.L.R. § 215(3); *see also, Van Buskirk v. New York Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003). Accordingly, plaintiff's common law negligence and defamation claims are similarly barred by the governing statutes of limitations.[7]

IV.   SUMMARY AND RECOMMENDATION

Plaintiff's civil rights claim in this action, brought pursuant to 42 U.S.C. § 1983, is untimely, having been brought more than three years after the events giving rise to plaintiff's claim.  Similarly, plaintiff's pendent

---

[7]      In any event, even if I were to conclude that plaintiff's state law claims were potentially timely, given my recommendation of dismissal of the federal claims I would nonetheless recommend that the court not exercise supplemental jurisdiction over such claims, "pursuant to 28 U.S.C. § 1367, which authorizes a federal court to decline supplemental jurisdiction over a state claim if all of the claims over which the court had original jurisdiction were dismissed."  *Stephenson v. Albany County Policymakers*, Civ. No. 6:09-CV-326, 2009 WL 2922805, at *2 (N.D.N.Y. Aug. 14, 2009) (Kahn, J. & Treece, M.J.) (citing 28 U.S.C. § 1367(c)(3)) (copy appended to this decision).

state law negligence and defamation claims are subject to dismissal as time-barred.  Accordingly, it is hereby respectfully

RECOMMENDED, that defendants' motion for summary judgment (Dkt. No. 8) be GRANTED and that plaintiff's complaint in this action be DISMISSED in its entirety, with prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:      January 15, 2010
              Syracuse, NY

12



Slip Copy, 2009 WL 2922805 (N.D.N.Y.)
(Cite as: 2009 WL 2922805 (N.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
David STEPHENSON, Plaintiff,
v.
ALBANY COUNTY POLICYMAKERS, et al.,
Defendants.
**Civ. No. 6:09-CV-326 (LEK/RFT).**

Aug. 14, 2009.

David Stephenson, Marcy, NY, pro se.

***REPORT-RECOMMENDATION and ORDER***

RANDOLPH F. TREECE, United States Magistrate
Judge.

**\*1** The Clerk has sent to the Court a civil rights Complaint
(Dkt. No. 1), Motion to Proceed *In Forma Pauperis* (IFP)
(Dkt. No. 2), Motion for Joinder of Claims (Dkt. No. 3),
and a Motion to Appoint Counsel and Conduct Discovery
(Dkt. No. 6), filed by *pro se* Plaintiff David Stephenson,
who is currently incarcerated at Marcy Correctional
Facility.[FN1] In his *pro se* Complaint, Stephenson alleges
civil rights violations based upon, *inter alia,* malicious
prosecution, abuse of process, conspiracy, fraud, invasion
of privacy, and attorney malpractice. For a more complete
statement of Plaintiff's claims, reference is made to the
Complaint.

> FN1. In 2006, Stephenson filed a civil rights
> action in this Court, pursuant to 42 U.S.C. §
> 1983, *Stephenson v. Herrick,* Civ. No.
> 1:06-CV-1466 (GLS/DRH), which was
> dismissed by the Court, *sua sponte,* for failure to
> state a claim upon which relief could be granted.
> Stephenson's Petition for a Writ of *Habeas*

*Corpus,* pursuant to 28 U.S.C. § 2254, is also
pending in this Court, *Stephenson v.
Superintendent,* Civ. No. 9:08-CV-1243
(LEK/RFT).

**I. DISCUSSION**

**A. Application to Proceed *In Forma Pauperis***

Plaintiff has submitted an *In Forma Pauperis* Application.
The Prison Litigation Reform Act (PLRA), codified in
part at 28 U.S .C. § 1915(b), provides that an inmate who
seeks *in forma pauperis* status is required to pay over a
period of time the full amount of the filing fee provided
for in 28 U.S.C. § 1914(a), which is currently $350.00 for
most civil actions. After reviewing Plaintiff's Application,
we find that he may properly proceed *in forma pauperis.*

**B. Allegations Contained in the Complaint**

Section 1915(e) of Title 28 of the United States Code
directs that, when a plaintiff seeks to proceed *in forma
pauperis,* "the court shall dismiss the case at any time if
the court determines that ... the action or appeal (i) is
frivolous or malicious; (ii) fails to state a claim on which
relief may be granted; or (iii) seeks monetary relief against
a defendant who is immune from such relief." 28 U.S.C.
§ 1915(e)(2)(B). Thus, it is a court's responsibility to
determine that a plaintiff may properly maintain his
complaint before permitting him to proceed further with
his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as
soon as practicable, *sua sponte* review "a complaint in a
civil action in which a prisoner seeks redress from a
governmental entity or officer or employees of a
governmental agency" and must "identify cognizable
claims or dismiss the complaint, or any portion of the
complaint, if the complaint (1) is frivolous, malicious, or
fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune
from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2922805 (N.D.N.Y.)
(Cite as: 2009 WL 2922805 (N.D.N.Y.))

*Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999) (*per curiam* ).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.,* 885 F.Supp. 537, 573 (S.D.N.Y.1995) (quoting *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz,* 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that " § 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). In this action, Plaintiff seeks to hold Defendants liable for various alleged constitutional violations, including, but not limited to:

**\*2** • conspiracy claims against all Defendants;

• claims for malicious prosecution and abuse of process against Defendants Mark Haskins, New York State Bureau of Narcotics, P. David Soares, Albany County District Attorney, and Christopher Baynes, Albany County Assistant District Attorney;

• claims of "undue influence and fraud" against Defendants Haskins, Albany County Task Force, and Albany County Prosecutors;

• claims of "common law fraud" and attorney malpractice against Defendant F. Stanton Ackerman, his court appointed attorney;

• invasion of privacy claims against Defendants Haskins, Andrew Zostant, Town of Colonie Police Detective, Steven Heider, Town of Colonie Police Superintendent, and other members of the Albany County Task Force for interfering with Plaintiff's expectation of privacy and private communications without probable cause; and

• what appears to be a *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978), claim against Albany County for various policies and customs.

*See generally* Compl.

The initial impediment to Plaintiff's pursuit of this action is aptly summarized in Plaintiff's Complaint: "The Plaintiff has a pending Federal Habeas Corpus Petition in the Northern District of New York Federal Court, Case No. 9:08-CV-1243. **This 1983 action and complaint is intended to supplement that Petition, as these claims for money damages are relevant to the same set of facts.**" Compl. at ¶ 17 (emphasis added). Indeed, as Plaintiff overtly admits, this entire § 1983 action (including state claims for malpractice and fraud) relates to events leading up to and including his guilty plea and sentence in Albany County Court in 2006.[FN2] The Supreme Court has held that

> FN2. A similar *fait accompli* vanquished Stephenson's prior attempt to sue various individuals in this Court, *Stephenson v. Herrick, et al.,* Civ. No. 1:06-CV-1466 (GLS/DRH). Upon information and belief, the core events giving rise to Stephenson's prior § 1983 action are the same events giving rise to the current action. That prior civil rights action was dismissed in light of *Heck v. Humphrey,* 512 U.S. 477 (1994). *See Stephenson v. Herrick, et al.,* Civ. No. 1:06-CV-1466, Dkt. No. 9, Decision and Order, dated Mar. 8, 2007.

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

Plaintiff's claims in this action are barred because he has

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2922805 (N.D.N.Y.)
(Cite as: 2009 WL 2922805 (N.D.N.Y.))

failed to show that his conviction or sentence has been overturned. *See Duamutef v. Morris,* 956 F.Supp. 1112, 1115-18 (S.D.N.Y.1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction had not been overturned). Because all of Plaintiff's claims relate to events that gave rise to Plaintiff's conviction and the sentence he is currently serving, many of which are currently interposed in his pending *Habeas Corpus* Petition, [FN3] this action is barred under *Heck* and we recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as it lacks an arguable basis in law. We note that this recommendation is limited to all § 1983 claims asserted by Plaintiff. Plaintiff has also inserted some state law claims sounding in fraud and attorney malpractice. It is not clear whether Plaintiff intended to assert these claims in support of his § 1983 claims, or if he intended them to stand on their own, thereby invoking the Court's pendent jurisdiction to entertain state law claims. To the extent they are part and parcel of the § 1983 claims, then they too suffer the same infirmity and are barred by *Heck.* To the extent, however, that they are purely state law claims, in light of this Court's recommendation of dismissal of the federal claims, we would recommend the Court not exercise pendent jurisdiction of such state law claims, pursuant to 28 U.S.C. § 1367, which authorizes a federal court to decline to exercise supplemental jurisdiction over a state claim if all of the claims over which the court had original jurisdiction were dismissed. 28 U.S.C. § 1367(c)(3).

> FN3. Stephenson raises the following grounds, *inter alia,* in support of his *Habeas* Petition:
>
> 1) he was denied equal protection and due process in state court when he was denied, *inter alia,* a grand jury and was subjected to an insufficient accusatory process and was victim of an illegal search and seizure;
>
> 2) he was a victim of selective prosecution and "Mode of Proceedings error"; and
>
> 3) his guilty plea was unknowing and unintelligent due to ineffective assistance of counsel.

*Stephenson v. Superintendent,* Civ. No. 9:08-CV-1243 (LEK/RFT), Dkt. No. 1, Pet.

### C. Other Pending Motions

**\*3** Presently pending in this matter are Plaintiff's Motions for Joinder of Claims, Appointment of Counsel, and to Conduct Discovery. In light of the Court's recommendation of full dismissal, we find it unnecessary at this juncture to adjudicate such claims. Should the District Judge assigned to this matter accept this recommendation, such Motions would be automatically terminated upon the closing of this case. If, however, the recommendation is not accepted, the Clerk shall forward this file to the undersigned for consideration of these Motions.

**WHEREFORE,** it is hereby

**ORDERED,** that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted;** and it is further

**RECOMMENDED,** that pursuant to the Court's review under 28 U.S .C. § 1915 and § 1915A, Plaintiff's entire Complaint be should be **dismissed** as barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), and the Court should decline to exercise pendent jurisdiction over any purported state claims pursuant to 28 U.S.C. § 1367(c)(3); and it is further

**ORDERED,** that in the event the District Court does not adopt the above recommendation, the entire file be returned to the undersigned for consideration of Plaintiff's other Motions (Dkt. Nos. 3 & 6); and it is further

**ORDERED,** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2922805 (N.D.N.Y.)
(Cite as: 2009 WL 2922805 (N.D.N.Y.))

(10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.* Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs .,* 892 F.2d 15 (2d Cir.1989)); *see also* 28 U.S.C. § 636(b) (1); FED. R. CIV. P. 72, 6(a), & 6(e).

### DECISION AND ORDER

LAWRENCE E. KAHN, District Judge.

This matter comes before the Court following a Report-Recommendation filed on August 14, 2009 by the Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U .S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 7). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff David Stephenson, which were filed on August 24, 2009. Objections (Dkt. No. 8).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge ... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.

**\*4** Accordingly, it is hereby

**ORDERED,** that the Report-Recommendation (Dkt. No. 7) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED,** that pursuant to the Court's review under 28 U.S.C. 1915 and § 1915A, Plaintiff's entire Complaint is **DISMISSED WITHOUT PREJUDICE,** pending the outcome of Plaintiff's pending habeas petition; and accordingly all other pending Motions in this case (Dkt. Nos. 3 and 6) should be **DENIED** and **DISMISSED;** and it is further

**ORDERED,** that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

N.D.N.Y.,2009.
Stephenson v. Albany County Policymakers
Slip Copy, 2009 WL 2922805 (N.D.N.Y.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.